IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Rachel Gniewkowski, et al,

    Plaintiffs,

vs.

Hickory Farms, LLC

    Defendant.

No. 2:17-cv-00417-AJS

LEAD CASE

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiffs, Access Now, Inc., R. David New, and Rachel Gniewkowski (collectively "Access Parties"), and Defendant, Hickory Farms, LLC, ("Hickory Farms").

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. On or about January 5, 2017, certain of the Access Parties sent a pre-litigation letter to Hickory Farms, asserting that Hickory Farms' website had substantial access barriers, in violation of the ADA.

4. On April 1, 2017, the Access Parties filed this lawsuit against Defendant. The Access Parties alleged that Defendant's website, www.hickoryfarms.com, (the "Website"), contains barriers that prevent full and equal use by persons with a visual impairment, in violation of Title III of the ADA, 42 U.S.C. §§12181-12189.

5. Defendant denies the Website violates Title III of the ADA or any other statute or regulation. By entry into this Consent Decree, Defendant does not admit or concede any wrongdoing.

6. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in this lawsuit.

## JURISDICTION

7. Plaintiff claims that Defendant's Website is a public accommodation within the definition of Title III of the ADA, 42 U.S.C § 12181(7). Defendant denies that its Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

8. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The Parties agree venue is appropriate.

## **AGREED RESOLUTION**

9. The Parties agree that it is in their best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.

In resolution of this action, the parties hereby **AGREE** and the Court expressly **APPROVES, ENTERS, AND ORDERS** the following:

## DEFINITIONS

10. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. Visual impairment means any physical, mental, or sensory impairment that substantially limits a person in the major life activity of seeing.

## TERM

12. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) twenty-seven (27) months from the Effective Date; or (b) the date the regulations are adopted in the Department of Justice's anticipated but yet-to-be adopted regulations for websites under Title III of the ADA.

## COMPLIANCE WITH TITLE III OF THE ADA

13. Defendant shall engage an experienced accessibility consultant to assess the Website and to provide Defendant with specific recommendations to facilitate website accessibility and conformance with Web Content Accessibility Guidelines 2.0 Level A and AA Success Criteria ("WCAG 2.0 AA").

14. Defendant shall ensure full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through its Website according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice releases regulations for websites under Title III of the

ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future. No later than 27 months after the Effective Date of this Consent Decree, Defendant shall make reasonable efforts to comply with the recommendations of its consultant to ensure that the Website is accessible to individuals with Visual Impairment, including conformity with WCAG 2.0 AA or the applicable standard adopted by the Department of Justice.

15. The Parties acknowledge that Defendant is unable to perform any upgrades or modifications to its Website between the period from October 15-January 15 ("Code Freeze") in any given year.

16. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

To Plaintiffs:

Benjamin J. Sweet, Esquire
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
412-322-9243(phone)
412-231-0246 (fax)
ktucker@carlsonlynch.com

To Defendants:

Lynn Vuketich Luther. Esq.
Eastman & Smith, Ltd.
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, OH 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
LVLuther@eastmansmith.com

## MODIFICATION

17. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

18. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the Commonwealth of Pennsylvania.

19. Plaintiffs and Defendant have settled all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters sought in Plaintiffs' complaint through a separate, confidential agreement (the " Letter Agreement'") hereby incorporated by reference into this Consent Decree. This Consent Decree and the Letter Agreement comprise the entire agreement of the Parties concerning the allegations set forth in Plaintiff's Complaint and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree shall be enforceable.

20. In the event Plaintiffs allege that Defendant failed to meet its obligations pursuant to paragraphs 13 or 14 of the Consent Decree or Defendant alleges that there is an element of WCAG 2.0 AA with which it cannot substantially comply, the party making such claim will notify the other party in writing with reasonable detail of the condition at issue. Within 30 days of receipt of written notice, the party receiving notice will provide a written response. The parties will make a good faith effort to resolve the dispute informally. If the issue remains unresolved 60 days after the notice is given, the parties will mutually select an independent accessibility consultant with experience in accessible website design to evaluate whether a breach of the Consent Decree has occurred as defined in Paragraph 21 herein.

21. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that the Website is not accessible by a person with a Visual Impairment who has average screen reader competency[1] using a prominent commercially available screen reader including but not limited to Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue within a reasonable period of time of not more than sixty (60) days after receiving the independent accessibility consultant's opinion. If the independent accessibility consultant estimates it will take longer than sixty days to make the necessary changes, the amount of time estimated by the independent accessibility consultant will control. If the independent accessibility consultant finds that the inability to use a screen reader cannot be remedied using reasonable efforts, Defendants shall not be obligated to remedy the item.

22. If any provision of this Consent Decree is determined to be invalid, unenforceable or otherwise contrary to applicable law, such provision shall be deemed restated to reflect, as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not in any event affect any other provisions all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

23. The signatories represent that they have the authority to bind the respective parties,

---

[1] The phrase "person with a Visual Impairment who has average screen reader competency" is intended to refer to the general body of persons with Visual Impairments who use screen readers for effective communication with the Internet and various websites. The term is not intended to narrowly identify someone with a particular level of competency but instead is intended to be inclusive, while ruling out "outliers" in terms of screen reading software use proficiency. Therefore, the phrase "person with a Visual Impairment who has average screen reader competency" is intended to exclude the person who has just recently started using a screen reader and has very little experience and competence using it and at the other extreme to also exclude a blind, tech savvy person with substantial experience using a screen reader while including most users in between.

Access Now, Inc., R. David New, Rachel Gniewkowski, and Hickory Farms, LLC to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

24. The Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Agreed and Consented to:

_____  8/22/17
R. David New, Individually         Date

_____  8-23-2017
Rachel Gniewkowski, Individually   Date

ACCESS NOW, INC.

By _____  8/22/17
                                   Date
Its _____

HICKORY FARMS, LLC

By _____  8/24/17
                                   Date
Its  CFO

DONE AND ORDERED this 29th day of AUG., 2017

_____
Honorable Arthur J. Schwab

4110306.1